UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Abdul Rahim, #407961, *also known as* Gary Bernard Myers, <br><br> Petitioner, <br><br> vs. <br><br> State of South Carolina, <br><br> Respondent. | C/A No. 2:11-908-HFF-BHH <br><br><br> REPORT AND RECOMMENDATION |

The petitioner, Muhammad Abdul Rahim ("Petitioner"), is a South Carolina prisoner that is incarcerated in a Florida prison under an interstate corrections compact. Petitioner files documents seeking habeas relief. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule

1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## BACKGROUND

Petitioner filed a one page, one sentence document titled "Notice of Appeal," which states that he "appeals to the District Court of the United States for the District of South Carolina final judgement entered in this action on March 18th 2011."[1] ECF No. 1. The document is captioned and titled in reference to a state court "criminal division" with Petitioner named as the Defendant, but contains a state court common pleas case number,

---

[1] Petitioner's document was initially docketed as a petition seeking habeas corpus relief under 28 U.S.C. § 2254.

which is the case Petitioner attempts to "appeal."[2]  Based on the ambiguity of Petitioner's document, and his failure to pay the filing fee or file a motion to proceed *in forma pauperis*, an initial Order was issued on April 27, 2011.  The Order directed Petitioner to use the standard form promulgated by Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court[3] if he intended to file a habeas action, as well as directed him to pay the filing fee or file an appropriate motion.  The Order also informed Petitioner that a federal district court is not an appellate court for the state courts.  Petitioner requested an extension of sixty days to respond to the Order, which was granted, allowing Petitioner until July 22, 2011, to respond to the Court's initial Order.  The time to comply with the initial Order has expired.

Partially complying with the Order, Petitioner filed a Motion for Leave to Proceed *In Forma Pauperis* on May 9, 2011, which has been granted.  On June 23, 2011, Petitioner filed a document titled "On Appeal from the County Court in and for Charleston, South Carolina Petitioner's Initial Brief from Non-Final Order."  ECF No. 1-2 at 1.  The "brief"

---

[2] Petitioner's state petition for writ of habeas corpus, filed in Charleston County, Ninth Judicial Circuit Court of Common Pleas, was dismissed with prejudice on April 19, 2011. Judicial notice is taken of the Charleston County Common Pleas and General Sessions Public Index website, which contains case information. *See* Charleston County, Public Index, http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx (last visited July 26, 2011).  This Court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government Web sites are inherently authentic or self-authenticating).

[3] Rule 2(d) states "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  The Rules Governing Section 2254 Cases may be applied to habeas actions filed pursuant to 28 U.S.C. § 2241, as well.  *See* Rule 1(b).

states that "[t]he matter at hand pertains to a conflict between two (2) South Carolina State classification officers in regards to the Petitioner's actual max-out date. It is the Petitioner position that his max-out release date has expired, and that the respondent continuing to illegally detain the Petitioner." *Id.* at 5-6. Petitioner seeks "relief from his unlawful confinement." *Id.* at 12. In addition to the "brief," Petitioner filed an "Appendix and Explanation" which states "[t]he records herein consisted of conform copies of proceedings below concerning Petitioner writ of Habeas Corpus." ECF No. 1-3 at 1. The "appendix" contains several state court documents, including a "writ of petition for habeas corpus" filed in state court, as well as correspondence to and from South Carolina State Classification, an Inmate Request from a "Sentencing Specialist", an affidavit, and a "max out date calculation worksheet." ECF No. 1-3. Petitioner chose not to complete the standard habeas form that was sent to him with the initial Order, but instead relies on his original "Notice of Appeal" document, and the "Initial Brief" document, with "Appendix." ECF No. 1. Based on these documents seeking habeas relief, this action could be construed as a habeas action pursuant to 28 U.S.C. § 2241.[4] In fact, this Court dismissed Petitioner's prior § 2241 habeas action which presented the same sentence computation issue. *See Rahim v. Ozmint*, 8:07-4112-HFF-BHH (D.S.C.).

## DISCUSSION

Petitioner has filed documents that appear to attempt a direct appeal from an order

---

[4] Circuit courts are split on whether § 2241 or § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of a state sentence. *See Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007)(acknowledging split of authority and finding the ruling construing a § 2241 petition as an untimely § 2254 petition "debatable").

of a South Carolina Court of Common Pleas. Appeals of orders issued by lower state courts must go to a higher state court, such as the South Carolina Court of Appeals and/or South Carolina Supreme Court. As previously explained to Petitioner in the initial Order, this United States District Court is not an appellate court for the state courts, so appeal is to the U.S. Supreme Court from the highest state court. *See* 28 U.S.C. 1257. If the Petitioner intended to file a direct appeal from state court to federal district court, this Court does not have jurisdiction to consider his appeal.

Although Petitioner chose to file an appellate brief in response to this Court's initial Order to file the standard form if Petitioner is indeed seeking habeas relief, the documents filed could be liberally construed to be a federal petition for habeas relief. Petitioner's "brief" requests "relief from his unlawful confinement in which the Petitioner is actively being held against his life liberty and the violation of his equal protection clauses and due process rights." ECF No. 1-2 at 12. Petitioner is seeking release from custody, which is habeas relief that can only be granted to a state prisoner pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.). Whether this action is characterized as seeking habeas relief under § 2254 or § 2241, the result is the same. Under either statute, Petitioner is not entitled to habeas relief in this case.

In an action seeking habeas relief, such as Petitioner files, the Petitioner must exhaust all available appeals in state court, prior to filing an action seeking federal habeas relief. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state

5

court."); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973) (exhaustion required for petition under 28 U.S.C. § 2241). *See also* 28 U.S.C. § 2254(b)(1). Petitioner's documents challenge a recent "county court" decision, and do not indicate the lower court decision was appealed to the state's highest court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (Petitioner must allow "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Petitioner has not carried his burden of demonstrating that state remedies have been exhausted. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). In as much as Petitioner's documents could be construed as a federal habeas action, Petitioner has failed to exhaust state court remedies prior to filing in federal court.

Not only has Petitioner failed to exhaust state remedies, Petitioner has been denied habeas relief in a prior § 2241 habeas action in this Court that raised the same issue of incorrect sentence calculation causing Petitioner to serve a sentence that has expired. *See Rahim v. Ozmint*, 8:07-4112-HFF-BHH (D.S.C.). In the prior case, Petitioner's lack of exhaustion was noted, but his challenge to the computation of his sentence was considered on the merits, and the habeas petition was dismissed upon granting of the respondent's motion for summary judgment. Petitioner is precluded from raising the same issue in a second habeas action.

A court may *sua sponte* apply the doctrine of issue preclusion or *res judicata* "in special circumstances," such as

> 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res

6

> judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California*, 530 U.S. 392, 412 (2000) (citing *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (REHNQUIST, J., dissenting)(citations omitted)). This case presents the special circumstance of a second case presenting the same issue previously decided by this Court. The crux of Petitioner's "brief" in which he seeks habeas relief, is his claim that SCDC has incorrectly calculated his sentence, thereby keeping him imprisoned beyond the end of his sentence. His previous federal habeas petition raised the same challenge to computation of his sentence and resulted in a final judgment on the merits. Petitioner's issue in his current case is subject to summary dismissal for the same reasons as discussed in his prior case, and is barred by issue preclusion or *res judicata*. *See Garrett v. Ozmint*, C/A No. 6:08-399-HMH, 2008 WL 5244542 (D.S.C. Dec. 15, 2008)(claim preclusion prevented state prisoner's claim of false imprisonment based on improper application of good time and work credits.). *See also* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *Mason v. Ozmint*, No. 09-8050, 2010 WL 236736 (4th Cir. January 22, 2010) (unpublished) (concluding that regardless of whether petition should have been treated as a § 2241 or 2254 petition, "the claim he sought to raise was successive, and thus precluded by 28 U.S.C. § 2244(a)").

This case should be dismissed with prejudice. As an attempted, appeal, this Court lacks jurisdiction to consider the petition. As a habeas action, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

Therefore, pursuant to Rule 4, the "judge must dismiss the petition."  *Id*.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss this case *with prejudice* and without requiring a response by the Respondent.

<u>s/Bruce Howe Hendricks</u>
United States Magistrate Judge

August 8, 2011
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).