IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Muhammad Abdul Rahim, )<br>also known as Gary Bernard Myers, )<br>                                                     )<br>                                   Petitioner,          )<br>                                                     )<br>v.                                                   )<br>                                                     )<br>State of South Carolina,                             )<br>                                                     )<br>                                   Respondent.         )<br>_____)  | C/A No. 2:11-908-TMC<br><br>**OPINION and ORDER** |

Petitioner, Muhammad Abdul Rahim ("Petitioner"), a South Carolina prisoner incarcerated in a Florida prison under an interstate corrections compact, filed documents seeking habeas relief. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On August 8, 2011, Magistrate Judge Bruce Howe Hendricks issued a Report and Recommendation ("Report") recommending that the District Judge dismiss the case with prejudice and without requiring a response by the Respondent. (Dkt. # 16). On August 8, 2011, the Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. # 16 at 9). On September 15, 2011, Petitioner filed objections to the Magistrate Judge's Report. (Dkt. # 22).

The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not

direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The court has carefully reviewed Petitioner's objections and finds that his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. Plaintiff fails to specifically argue where the Magistrate Judge erred in his analysis. In the absence of specific objections, this Court need not explain its reasons for adopting the recommendation.  A party's general, non-specific objection is insufficient to challenge findings by a Magistrate Judge.   28 U.S.C.A. § 636(b)(1).

Further, as set forth in the Report, Petitioner has been denied habeas relief in a prior § 2241 habeas action in this court that raised the same issue of alleged incorrect sentence calculation causing Petitioner to serve a sentence that has expired.  *See Rahim v. Ozmint*, 8:07-4112-HFF-BHH (D.S.C.).   The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed strict limits on the consideration of "second or successive" habeas petitions, which are codified in 28 U.S.C.A. § 2244. Thus, Petitioner is precluded from raising the same issue in a second habeas action. However, a brief discussion of the facts surrounding the filing of the Petition and the applicable law thereto may be appropriate.

The documents filed by the Petitioner with this court appear to attempt a direct appeal from an order of a South Carolina Court of Common Pleas, a state trial court. As noted by the Magistrate Judge, appeals of orders issued by state trial courts must go

to a state appellate court. This court is not an appellate court for the state courts and is without jurisdiction to consider his appeal. 28 U.S.C. § 1257.

To the extent the Petitioner's filings with the court could be construed as a Petition for Habeas Corpus relief under 28 U.S.C. § 2254 or 28 U.S.C. § 2241, the result is the same. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973). Petitioner has not done so in this instance.

Accordingly, after a thorough review of the Report and the entire record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the above-captioned case is **DISMISSED** with prejudice and without requiring a response by the Respondent.

To the extent that the Petitioner's filing with this court could be construed as a petition pursuant to Section 28 U.S.C. § 2254, the court finds that a Certificate of Appealability should be denied.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                 s/Timothy M. Cain
                 United States District Judge

January 12, 2012
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.